# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff,

vs.

SHANNON BEAR, et al.,
Defendants.

Case No. 1:17-cv-124
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this

prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendant Bear used excessive

force against him and defendants Bear, Keating, Andre, Hart, and Reiter were deliberately

indifferent to his medical needs. (Doc. 5). This matter is before the Court on defendants' motion

to dismiss (Doc. 12), plaintiff's response in opposition (Doc. 16), and defendants' reply

memorandum (Doc. 18).

## I. Background

Plaintiff filed his complaint in this matter on April 20, 2017, and this Court subsequently

conducted a *sua sponte* review of the complaint. (Docs. 5, 6). This Court concluded by Report

and Recommendation that plaintiff could proceed with his Eighth Amendment claims against

defendants Bear, Keating, Andre, Hart, and Reiter based on his allegation that defendant Bear

used excessive force against him and these defendants were deliberately indifferent to his

medical needs. (Doc. 6 at 3-4). The Court dismissed plaintiff's claims against defendants in

their official capacities for monetary damages. (*Id.* at 4). The Court also dismissed plaintiff's

Fourteenth Amendment claims against defendants Sammons, Felts, Green, and Mohr, and

plaintiff's claim against defendant Bear for allegedly writing a false conduct report. The District

Court adopted the Report and Recommendation on May 22, 2017. (Doc. 9).[1]

With regard to the remaining Eighth Amendment claims against defendants, plaintiff alleges that on December 16, 2015, defendant Bear sprayed him at close range in the face with a fogger can of pepper spray while he "wasnt [sic] doing anything wrong." (Complaint, Doc. 5 at 1). Plaintiff alleges that he was escorted to the segregation unit where defendants Bear, Keating, and Andre denied him decontamination and defendants Hart, Bear, Keating, Andre, and Reiter denied him medical attention. (*Id.*). Plaintiff alleges that he had trouble breathing and defendants placed him in a cell that contained no water and a "piece of a [sic] inside of a mat." (*Id.* at 2). Plaintiff further alleges that defendants left him in handcuffs inside the cell and left him there to "suffer the mitigating effects of the pepper spray on [his] body and uniform." (*Id*).

## II. Defendants' motion to dismiss (Doc. 12)

Defendants move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. (Doc. 12). Defendants contend that plaintiff fails to state cognizable claims under 42 U.S.C. § 1983 for Eighth Amendment excessive force and deliberate medical indifference. (*Id.* at 5). Defendants also contend that they are entitled to qualified immunity. (*Id.* at 12).

### A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

---

[1] Plaintiff subsequently filed a motion for relief from judgment (Doc. 14) on June 9, 2017, which remains pending.

(quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

**B. Defendants' motion to dismiss plaintiff's Eighth Amendment excessive force claim should be denied.**

Defendants contend that plaintiff's excessive force claim should be dismissed because he pleads no facts suggesting that the use of force was objectively unreasonable. (Doc. 12 at 7). Citing to a conduct report attached to plaintiff's complaint, defendants argue that "[p]laintiff was acting aggressively, and was told not to turn around." (*Id.*). Defendants also argue that while one handcuff was on plaintiff's hand, he turned around aggressively and made a "hocking sound" as though plaintiff was going to spit on defendant Bear. (*Id.*). Defendants contend that the pepper spray "appears to have been applied in a good-faith effort to maintain or restore discipline." (*Id.*) (citing *Whitley v. Albers,* 475 U.S. 312, 321 (1986)).

A convicted prisoner's right to be free from the use of excessive force by prison officials

is governed by the Eighth Amendment. *Whitley*, 475 U.S. at 327. An Eighth Amendment claim has both an objective and subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The subjective component focuses on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In making this inquiry, the Court should consider the need for the use of force, the relationship between that need and the type and amount of the force used, the threat reasonably perceived by the official, the extent of the injury inflicted, and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 319-21. The inmate is not required to suffer a serious injury, but the extent of his injuries may be considered in determining whether the force used was wanton and unnecessary. *Hudson*, 503 U.S. at 7.

The objective component requires the "pain inflicted to be 'sufficiently serious'" to offend "contemporary standards of decency." *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Hudson*, 503 U.S. at 8). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id.* at 580-81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9).

At this stage in the proceedings, the Court finds that plaintiff has pleaded sufficient facts satisfying both the objective and subjective elements of an Eighth Amendment excessive force claim. The complaint alleges that defendant Bear sprayed plaintiff in the face with pepper spray at close range when plaintiff "wasnt [sic] doing anything wrong." (Doc. 5 at 1). Defendant Bear's actions, if true, suggest that the force used was unnecessary and not applied in a good faith effort to maintain or restore discipline, but rather to cause harm, and thus satisfying the subjective component of an Eighth Amendment excessive force claim. *Hudson*, 501 U.S. at 7. *See also Williams*, 631 F.3d at 384 (plaintiff stated a valid excessive force claim when he "allege[d] that, when instructed to 'pack up,' he inquired, 'What for, sir?,' at which point an 'assault team' entered the cell and used a chemical agent on him."); *Roberson v. Torres*, 770 F.3d 398, 406-07 (6th Cir. 2014) (denying qualified immunity at the summary judgment stage to defendants who allegedly sprayed an inmate with a chemical agent while he was sleeping).

Plaintiff has also pleaded sufficient facts satisfying the objective component of an Eighth Amendment excessive force claim. Plaintiff has alleged that as a result of the pepper spray application, he suffered an injury in the form of difficulty breathing. (Doc. 5 at 1). Defendants argue that plaintiff has not alleged a "serious injury beyond the normal discomfort associated with being exposed to pepper spray." (Doc. 12 at 8). However, the Supreme Court has consistently rejected the notion that a serious injury is a threshold requirement for stating an excessive force claim. *Wilkins*, 559 U.S. at 37 (citing *Hudson*, 503 U.S. at 7). Here, plaintiff's allegation that he had difficulty breathing after defendant Bear sprayed him with pepper spray is sufficient to state a claim for excessive force under the Eighth Amendment. *Williams*, 631 F.3d at 384 (finding inmate's allegations of coughing and shortage of oxygen sufficient to satisfy the objective component of an Eighth Amendment excessive force claim). *Cf. Jennings v. Mitchell*,

93 F. App'x 723, 724 (6th Cir. Mar. 12, 2004) (explaining that plaintiff failed to show more than a *de minimis* physical injury after being sprayed with pepper spray because "[a]t no time was [plaintiff] in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray.").

Defendants cite to several pepper spray cases in their motion, arguing that "courts have approved the application of chemical agents on inmates who refuse to follow reasonable commands." (Doc. 12 at 8) (citing *Jennings*, 93 F. App'x at 725; *Siggers v. Renner*, No. 01-4067, 2002 WL 847986, at *1 (6th Cir. 2002); *Easley v. Little*, No. 1:14-cv-891, 2016 WL 4006676, at *7 (S.D. Ohio June 28, 2016); *Iacovone v. Wilkinson*, No. 2:03-cv-652, 2007 WL 490160, at *8 (S.D. Ohio Feb. 8, 2007); *Thompson v. Ohio Dep't of Rehab & Corr.*, No. 1:14-cv-935, 2017 WL 1102810, at *6 (S.D. Ohio Feb. 1, 2017), *report and recommendation adopted*, No. 1:14-cv-935, 2017 WL 1092290 (S.D. Ohio Mar. 23, 2017)). In citing these cases, defendants frequently rely on the conduct report attached to plaintiff's complaint to rebut plaintiff's allegation of excessive force.

However, the Court construes the conduct report as a disputed document that cannot be considered at this juncture. In ruling on a motion to dismiss the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). However, "[w]hile documents integral to the complaint may be relied on . . . it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Ouwinga v. Benistar 419 Plan Serv. Inc.*, 694 F.3d 783, 797

(6th Cir. 2012). In both his complaint and memorandum in opposition to defendants' motion to dismiss, plaintiff alleges that defendant Bear filed a false conduct report against him as a result of the pepper spray incident. As such, because plaintiff disputes the contents of the conduct report and claims it is "false," the Court must solely consider plaintiff's allegations in his complaint that he "wasnt [sic] doing anything wrong" when defendant Bear sprayed him with pepper spray and that he suffered breathing problems as a result. Accordingly, as stated above, construing the facts alleged by plaintiff in the light most favorable to him as the Court must do on a motion to dismiss, plaintiff's complaint states a claim for relief under the Eighth Amendment for an excessive use of force.

Defendants are not entitled to qualified immunity on plaintiff's Eighth Amendment excessive use of force claim at this juncture. Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). "In determining whether qualified immunity applies, the court employs a two-part test, asking (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citations and quotation and alteration marks omitted). As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment. In addition, the Sixth Circuit has held that pepper spraying a compliant prisoner violates clearly established law. *Roberson*, 770 F.3d at 407 ("we agree that using a chemical agent in an initial attempt to wake a sleeping prisoner [who claimed he obeyed a corrections officer's order], without apparent necessity and in the absence of mitigating circumstances,

violates clearly established law."). Accordingly, defendants' request for qualified immunity on plaintiff's excessive use of force claim should be denied.

### C. Defendants' motion to dismiss plaintiff's Eighth Amendment deliberate indifference claim should be denied.

Defendants contend that plaintiff's deliberate indifference claim should be dismissed because the allegations in his complaint do not rise to the level of medical indifference. (Doc. 12 at 11). Defendants argue that plaintiff's complaint "identifies no medical condition that was so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (*Id.*). Defendants also argue that plaintiff's complaint does not allege that defendants "knew of but consciously disregarded an excessive risk to Plaintiff's health and safety." (*Id.*).

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Comstock v. McCraty*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff must allege facts showing that the "alleged mistreatment was objectively serious," and that prison officials "subjectively ignored the risk to the inmate's safety." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)). Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint alleges sufficient facts stating a deliberate indifference claim against defendants. Plaintiff alleges that after defendant Bear sprayed him with pepper spray, he had trouble breathing. Thus, at this stage, plaintiff's claim satisfies the objective prong of an Eighth Amendment deliberate indifference claim. *Cf. Catt v. Brown*, No. 1:17-cv-513, 2017 WL 2991714, at *4 (W.D. Mich. July 14, 2017) (dismissing plaintiff's deliberate indifference claim at the motion to dismiss stage and explaining that "[p]laintiff allege[d] nothing more than the fact that he was sprayed with pepper spray. He [did] not allege any particular susceptibility to the spray nor [did] he allege any particular resulting injury. Thus, he has alleged 'no more than the normal after effects of being exposed to gas and/or chemical agents.'").

Plaintiff also satisfies the subjective prong of an Eighth Amendment deliberate indifference claim at this stage. Plaintiff alleges he was placed in a cell that had no running water and that he notified defendants of his difficulty breathing after the pepper spray application, but he was denied "decontamination." (Doc 5 at 1-2). Thus, plaintiff sufficiently alleges that defendants had notice that he suffered adverse effects from the pepper spray and consciously disregarded his request for medical assistance. Accordingly, defendants' motion to dismiss plaintiff's deliberate indifference claim should be denied.

Defendants are not entitled to qualified immunity on plaintiff's Eighth Amendment deliberate indifference claim at this juncture. As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment for deliberate indifference. In addition, the Sixth Circuit has held that a plaintiff states a deliberate indifference claim "when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an

obvious need for such attention where the inmate is thereby exposed to undue suffering." *Brown v. Perez*, No. 16-2558, 2017 WL 3378994, at \*3 (6th Cir. Apr. 17, 2017) (holding that while the plaintiff satisfied the objective prong of a deliberate indifference claim by alleging a skin injury from exposure to a chemical agent, the plaintiff failed to satisfy the subjective prong of a deliberate indifference claim because he did not set forth facts demonstrating that the defendants disregarded a substantial risk of harm of which they were aware) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)). Accordingly, defendants' request for qualified immunity on plaintiff's deliberate indifference claim should be denied.

## III. Conclusion

For the reasons stated above, the Court finds that plaintiff has stated a plausible claim for excessive force under the Eighth Amendment and defendants' motion to dismiss plaintiff's claim for excessive force should be **DENIED**. The Court also finds that plaintiff has stated a plausible claim for deliberate indifference under the Eighth Amendment and defendants' motion to dismiss plaintiff's claim for deliberate indifference should be **DENIED**.

<strong>IT IS THEREFORE RECOMMENDED THAT:</strong>

Defendants' motion to dismiss (Doc. 12) be **DENIED**.

Date: 11/7/17

Karen L. Litkovitz
United States Magistrate Judge

JERONE MCDOUGALD,
Plaintiff,

Case No. 1:17-cv-124
Barrett, J.
Litkovitz, M.J.

vs.

SHANNON BEAR, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).