# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD

       Plaintiff,                                      Case No. 1:17cv124

     v.                                               Judge Michael R. Barrett

SHANNON BEAR, *et al.*,

       Defendants.

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. 14). Defendants filed a response (Doc. 22) and Plaintiff filed a reply (Doc. 23).

## I. BACKGROUND/FACTS

On April 20, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the claims against defendants Walter Sammons, Susan Feltz, Larry Green and Director Gary Mohr be dismissed with prejudice, but permitted Plaintiff's claims against the remaining parties to move forward. (Doc. 6). On May 22, 2017, after the time to file objections had run, the undersigned adopted the Magistrate Judge's R&R. (Doc. 9). In the Order, the Court noted that while notice of the R&R was served upon Plaintiff, it was returned to the Court. (Id.). However, the Order mistakenly noted that the mail was returned due to Plaintiff's failure to apprise the Court of his change of address. (Id.). While the mail was returned as undeliverable, the docket indicates it was actually returned because it was refused by Plaintiff. (Doc. 7).

On June 9, 2017, Plaintiff filed the instant motion, moving for relief from the Order (Doc. 9) adopting the Magistrate Judge's R&R. He asserts his address has not changed, as he is still at the Southern Ohio Correctional Facility ("SOCF"). (Doc. 14, PageID 70). He argues that the

SOCF staff has "been falsely documenting that plaintiff has been refusing legal mail and giving other false information to [the] federal court stating the plaintiff's address has change[d]…" (Id.)

## II. ANALYSIS

Rule 60(b) outlines the circumstances in which relief from a court's final judgment or order is appropriate:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief bears the burden of proving entitlement to relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising*, 538 F.3d 448, 454 (6th Cir. 2008).

In response to Plaintiff's motion, Defendants attach copies of the "Legal Mail Log" utilized by SOCF to track incoming legal correspondence. The Legal Mail Log includes the date received, the inmate's name and number, and the sender's name and address. (*See* Doc 22-1). Upon receipt, the inmate signs and dates the Legal Mail Log. (Id.).

The Legal Mail Log clearly shows that April 26, 27, and 28 are the only dates in which Plaintiff's legal mail was refused. (Id). On April 27, the Legal Mail Log notes next to Plaintiff's name, "I/M refusing all legal mail until he receives legal pick up." (Id. at PageID 37). Since then, Plaintiff apparently has been receiving his legal mail without issue.

Plaintiff's reply attaches a Disposition of Grievance wherein Plaintiff filed a grievance similarly alleging SOCF mail workers were falsifying documents. (Doc. 23, PageID 231).

Plaintiff's grievance was denied. (Id.).

Plaintiff's motion is without merit for several reasons. First, there has been no final judgment or order that would entitle Plaintiff to the relief he has requested. However, even if the Court considers the merits of Plaintiff's motion, he provides no evidence that the Legal Mail Log was falsified. Rather, it appears as though Plaintiff chose to refuse his legal mail until his outgoing mail was picked up. Accordingly, Plaintiff has not met his burden under Rule 60(b)(3). To the extent Plaintiff makes an excusable neglect argument under Rule 60(b)(1), it likewise fails. Missing a deadline because Plaintiff chose to refuse his legal mail does not constitute excusable neglect.

### III. CONCLUSION

Considering the foregoing, Plaintiff's Motion for Reconsideration (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

                                        s/*Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court