# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,  
Plaintiff,

vs.

SHANNON BEAR, et al.,  
Defendants.

Case No. 1:17-cv-124  
Barrett, J.  
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants in relation to an incident where he was pepper sprayed. This matter is before the Court on plaintiff's motion to compel (Doc. 30) and defendants' response in opposition (Doc. 33).

## I. Discovery Background

Plaintiff filed his motion to compel discovery on May 23, 2018. (Doc. 30). Plaintiff asks the Court to compel defendants to produce the following video footage and documents:

1. DVR surveillance footage for J-4 cell 56 en route escort to J-2 cell 24 at in [sic] between 2:00-3:30 pm capturing all encounters with Shannon Bear, C/O Andre, C/O Keating, Nurse Hart, Nurse Reiter on 12-16-15, with the other mentioned defendants.

2. Copy of greivance [sic] filed in the matter concerning the incident on December 16, 2015.

3. Offender movement history sheet for month of December 2015.

4. Institutional spray post order.

5. Institution use of force post order.

6. Institution OC spray written directive.

7. Use of force written directive.

(*Id.*).

On June 5, 2018, defendants filed a response in opposition. Defendants represent that all of the items set forth in plaintiff's motion to compel have either been provided, or they do not exist and therefore cannot be provided. (Doc. 33 at 3). Defendants represent that they responded to plaintiff's first request for production of documents on February 8, 2018. (*Id.* at 1). In that response, defendants informed plaintiff that arrangements would be made for him to review the video pertaining to the use of force incident on December 16, 2015. (*Id.* at 1-2; Ex. B, Doc. 33-2 at 1-3). Defendants also provided plaintiff with the requested medical examination reports and incident reports. (*Id.*). Defendants did not provide plaintiff with the requested grievance documents because upon initial investigation, they did not believe that he submitted a grievance in relation to the December 16, 2015 incident. (*Id.*).

On February 15, 2018, defendants responded to plaintiff's second request for production of documents, which sought four different post orders/directives: (1) SOCF OC spray post order, (2) use of force post order, (3) OC spray written directive, and (4) use of force written directive. (Doc. 33 at 2; Ex. C, Doc. 33-3). Defendants informed plaintiff that the requested documents did not exist, but they supplemented their responses with the Ohio Department of Rehabilitation and Correction's Use of Force policies in effect at the time of the incident. (*Id.*).

On February 16, 2018, plaintiff was given the opportunity to review the video footage pertaining to the use of force incident on December 16, 2015. (Doc. 33 at 2; Ex. D, Doc. 33-4).

On April 5, 2018, defendants received a third request for production of documents, as well as a letter from plaintiff. (Doc. 33 at 2; Doc. 30-1 at 3). In the request for production, plaintiff requested his offender movement history sheet for the month of December 2015, as well as Grievance No. SOCF-01-16-000257. (Doc. 30-1 at 3). In a March 24, 2018 letter to

2

defendants, plaintiff complained that the video footage he viewed only captured the use of excessive force committed by Defendant Bear on December 16, 2015, and that he wanted to view video footage capturing encounters with the other defendants. (Ex. E, Doc. 33-5 at 1). In the letter, plaintiff again requested the four different post orders/directives described above. (*Id.*). On May 2, 2018, defendants responded to plaintiff's letter indicating that they needed more time to complete plaintiff's third request for production of documents. (Ex. F, Doc. 33-6). Defendants also informed plaintiff that the video footage he reviewed was the only video available. (*Id.*). Defendants further informed plaintiff that the requested grievance would be provided to him if it existed, and that they responded to his request for production of the OC Spray and Use of Force post orders on February 15, 2018. (*Id.*). On May 22, 2018, defendants responded to plaintiff's third request for production of documents and provided plaintiff with his offender movement history sheet for the month of December 2015, as well as Grievance No. SOCF-01-16-000257. (Ex. G, Doc. 33-7).

**II. Resolution**

Upon review of both parties' submissions, the Court finds that defendants have fully complied with plaintiff's discovery requests.

With respect to item 1—the video footage—plaintiff was given the opportunity to review the requested video footage on February 16, 2018. (Doc. 33-4). Plaintiff signed a verification form indicating that he was given the opportunity to review the video footage. (*Id.*). Although plaintiff requests to review video footage of his encounters with defendants Andre, Keating, Hart, and Reiter, defendants reasonably assert that plaintiff reviewed the only video footage available. As such, defendants cannot be compelled to produce video footage that does not exist. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D.

Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control.").

Defendants responded to item 2 on May 22, 2018 in their response to plaintiff's third request for production of documents. (Doc. 33-7). They provided plaintiff with Grievance No. SOCF-01-16-00257. (*Id.*). Defendants also responded to item 3 on May 22, 2018. (*Id.*). Defendants provided plaintiff with his offender movement history sheet for the month of December 2015. (*Id.*).

Defendants responded to items 4, 5, 6, and 7 on February 15, 2018 in their response to plaintiff's second request for production of documents. (Doc. 33-3). Defendants informed plaintiff that the requested post orders and directives did not exist, but they nevertheless provided plaintiff with the Ohio Department of Rehabilitation and Correction's Use of Force policies in effect at the time of the incident. (*Id.*). As stated above, defendants cannot be compelled to produce documents that do not exist. *See Tolliver*, 2008 WL 4951792, at * 2. Thus, because defendants have complied with plaintiff's discovery requests, and have produced items 2 and 3, and indicated that items 1, 4, 5, 6, and 7 do not exist, plaintiff's motion to compel (Doc. 30) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Date: 10/10/18

Karen L. Litkovitz
United States Magistrate Judge