# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jerone McDougald,

    Plaintiff,

vs.

Shannon Bear, et al.,

    Defendant.

Case No. 1:17-cv-00124

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's February 15, 2019 Report and Recommendation ("R&R") (Doc. 49).

Proper notice has been given to the parties, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed objections (Doc. 50). The Magistrate Judge provided a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## I. STANDARD OF REVIEW

When a court receives objections to a magistrate judge's R&R on a dispositive matter, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

Plaintiff first argues that the Magistrate Judge erred by only considering his Verified Complaint and failing to consider his Motion for Summary Judgment, his Response to Defendants' Motion for Summary Judgment, and his declarations and exhibits filed with his Motion for Summary Judgment and Response. (Doc. 50). However, the Magistrate Judge expressly acknowledged that Plaintiff attached "a declaration . . . an incident report and inmate use of force statement from December 16, 2015, defendant Bear's answers to his first request for interrogatories, and a medical exam report from December 16, 2015" to his Motion for Summary Judgment. (Doc. 49 at PageID 560). Similarly, the Magistrate Judge acknowledged Plaintiff's arguments found in his Motion for Summary Judgment (*id.* at PageID 572, 574) and in his Response to Defendants' Motion for Summary Judgment and his exhibits attached to that Response (*id.* at PageID 564, 566, 568, 572, 574). The Court is not convinced that the Magistrate Judge failed to consider the above filings before issuing the R&R.

Plaintiff next asserts that the Magistrate Judge erred by finding that he failed to establish a genuine issue of fact on the subjective and objective components of his Eighth Amendment excessive use of force claim. (Doc. 50). He contends that his Motion for Summary Judgment, his Response to Defendants' Motion for Summary Judgment, and his declarations and exhibits filed with his Motion for Summary Judgment and Response "clearly" "created a genuine issue of fact on the subjective and objective components of his Eighth Amendment excessive force claim" and the Magistrate Judge did not consider those filings. (*Id.* at PageID 578-579). The Court remains unconvinced that the Magistrate Judge did not consider those specific filings before issuing her R&R. Likewise,

his argument that his exhibits and arguments "clearly" create a genuine issue of fact is nothing more than a mere disagreement with the R&R and his bare assertions stating that there are "clear" genuine issues of fact are unpersuasive.

Finally, and regarding Plaintiff's Eighth Amendment denial of medical care claim, he contends that the Magistrate Judge erred in finding that, "[a]s a matter of law, plaintiff's declarations do not establish that he suffered from a 'sufficiently serious' medical need as required for an Eighth Amendment violation." (Doc. 49). He, again, asserts that he "clearly" created a genuine issue of fact as to this claim, but the Magistrate Judge failed to consider pertinent exhibits. (Doc. 50). The Court remains unpersuaded by his contention that the Magistrate Judge failed to consider the pertinent filings and his bare disagreements with her findings. Moreover, Plaintiff does nothing to address the Magistrate Judge's finding that "Plaintiff has failed to present evidence that the[ Defendant] nurses falsified any medical records in connection with the December 16, 2015 incident." (Doc. 49 at PageID 574). Plaintiff's bald allegations that the Defendant nurses falsified the medical exam reports in this matter remain speculative and unconvincing.

In sum, and based on the Court's de novo review of the filings in this matter, the Court finds Plaintiff's objections unpersuasive and agrees with the findings and recommendation in the R&R. *See* FED. R. CIV. P. 72(b).

### III. CONCLUSION

In light of the above, the Magistrate Judge's February 15, 2019 Report and Recommendation (Doc. 49) is **ADOPTED** in its entirety and Plaintiff's Objections (Doc. 50) are **OVERRULED**. It is hereby **ORDERED** that:

- Plaintiff's Motion for Summary Judgment (Doc. 35) is **DENIED**;

- Defendants' Motion for Summary Judgment (Doc. 40) is **GRANTED;**

- Plaintiff's Motion to Proceed to Judgment (Doc. 51) and Motion to Accept Objection (Doc. 52) are **DENIED AS MOOT**; and

- This matter be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                      _s/ Michael R. Barrett_____
                                                      Hon. Michael R. Barrett
                                                      United States District Judge